**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JESSE KITHCART, | |
|  Petitioner, | Civil Action No. 11-2516 (JBS) |
| v. | **MEMORANDUM OPINION** |
| WARDEN DONNA ZICKEFOOSE, | **and ORDER** |
|  Respondent. | |

It appearing that:

1. On May 3, 2011, petitioner Jesse Kithcart ("Petitioner"), a federal inmate having ID #49550-066 and then-confined at the Federal Correctional Institution Fort Dix, Fort Dix, New Jersey, executed the § 2241 petition at bar ("Petition"), which challenges the sentence rendered by the United States District Court for the Eastern District of Pennsylvania ("EDPA").[1]  See Docket Entry No. 1.  Specifically, Petitioner asserted that his sentence was excessive in light of the offense to which Petitioner had pled guilty and on

---

[1] On May 18, 2011, the Clerk received a letter from Petitioner informing the Court that Petitioner was transferred to the Luzerne Community Correctional Center, a halfway house in Philadelphia, Pennsylvania.  See Docket Entry No. 2.  However, since Petitioner: (a) was confined in New Jersey at the time he initiated the instant matter; and (b) filed a Section 2241 application, this action is properly venued in this District. See Rumsfeld v. Padilla, 542 U.S. 426, 447 and 434 n.7 (2004).

the basis of which Petitioner had been sentenced by the EDPA.[2]  See id.

2. More than five years prior to initiation of the matter at bar, a federal inmate (then-confined at the Federal Correctional Institution Schuylkill, Minersville, Pennsylvania), also having name "Jesse Kithcart" and federal inmate ID # 49550-066, initiated a § 2241 action in the United States District Court for the Middle District of Pennsylvania ("MDPA").  See Kithcart v. Holt, Civ. Action No. 06-0361 (M.D. Pa.) (filed Feb. 16, 2006; terminated Feb. 21, 2006), Docket Entry No. 1.  In light of the identical names and BOP register/ID numbers, it appears certain that Petitioner in this matter and the petitioner in the MDPA action is the same person.

3. In his MDPA action, Petitioner raised challenges identical to those raised in the Petition at bar.  Compare Instant Matter, Docket Entry No. 1, with Kithcart v. Holt, Civ. Action No. 06-0361 (M.D. Pa.), Docket Entry No. 1; see also Kithcart v. Holt, Civ. Action No. 06-0361 (M.D. Pa.), Docket Entry No. 5 (summarizing Petitioner's MDPA challenges).

---

[2]  Specifically, Petitioner asserts that his sentence exceeds the lawful maximum sentence allowable, that it violates his constitutional rights under the Fifth and Sixth Amendments, and was imposed by a court which lacked jurisdiction.  See Docket Entry No. 1.

4.  Judge Edwin M. Kosik, presiding over <u>Kithcart v. Holt</u>, Civ. Action No. 06-0361 (M.D. Pa.), dismissed Petitioner's MDPA § 2241 challenges for lack of jurisdiction, stating as follows:

    > Following a plea of guilty . . . , Kithcart was sentenced by the [EDPA] to a term of 224 months imprisonment on July 1, 1996. . . . [H]e filed a direct appeal with the Third Circuit Court of Appeals, where the matter was reversed and remanded to the sentencing court. Following proceedings in the sentencing court, Kithcart filed another direct appeal where the matter was again reversed and remanded. A third direct appeal was subsequently filed with the Third Circuit Court following resolution of the matter by the sentencing court. On this occasion, the Third Circuit affirmed the conviction and sentence on May 23, 2002. Kithcart thereafter filed a "Sur Petition for Rehearing" in the Third Circuit Court of Appeals which was denied on July 8, 2002. A petition for writ of certiorari filed with the United States Supreme Court was denied on December 2, 2002. Sometime thereafter, Kithcart states that he filed a motion for relief pursuant to 28 U.S.C. § 2255 with the [EDPA] challenging his conviction and sentence. He raised numerous grounds including challenges to (1) the guilty plea given; (2) the jurisdiction of the sentencing court; (3) the error and abuse of discretion of the sentencing court; and (4) the ineffectiveness of trial counsel. Kithcart states that his § 2255 motion is presently pending before the Eastern District Court. A motion to file a second or successive § 2255 motion filed by Kithcart with the Third Circuit Court of Appeals was recently denied as premature on January 12, 2006. The instant petition for writ of habeas corpus was filed by Kithcart on February 16, 2006, wherein he challenges his federal conviction and sentence on grounds that it exceeds the lawful maximum sentence allowable, violates his constitutional rights under the Fifth [a]nd Sixth Amendments, and was imposed by a court which lacked jurisdiction.

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. [See] Okereke v. United States, 307 F.3d 117 (3d Cir. 2002)(citing In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997)). Claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see also Dorsainvil, 119 F.3d at 251-52. Importantly, a motion under § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition pursuant to § 2241. [See] United States v. Brooks, 230 F.3d at 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. In the matter sub judice, Kithcart fails to demonstrate that his § 2255 remedy is inadequate or ineffective to test the legality of his detention. In his petition, he states that he currently has a motion for § 2255 relief pending before the Eastern District of Pennsylvania at this time. The fact that he is presently pursuing § 2255 relief clearly shows that § 2255 is an available mechanism by which he is able to challenge the validity of his conviction. Further, even if he is ultimately unsuccessful in obtaining § 2255 relief in his motion, he must appeal to the Third Circuit Court of Appeals. See 28 U.S.C. § 2255. Further, Kithcart thereafter can seek leave from the Third Circuit to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244. Because Kithcart cannot show that his remedy by way of a § 2255 motion is inadequate or ineffective to test the legality of his detention, § 2241 relief is not an available remedial device under the circumstances of this case. The petition will be dismissed [for lack of § 2241 jurisdiction].

   Kithcart v. Holt, Civ. Action No. 06-0361 (M.D. Pa.), Docket Entry No. 5, at 2-4 (footnote and citations to docket entries omitted).

5. Since Judge Kosik already explained to Petitioner why his challenges to EDPA sentence cannot be raised in a § 2241 petition, another repeat of the same appears superfluous. We adopt Judge Kosik's reasoning as if set forth in full herein and find this Court lacks subject matter jurisdiction under § 2241.

6. Alternately, Petitioner's § 2241 petition is barred by the doctrine of issue preclusion. The bar of res judicata is available to preclude relitigation of the same claim when three requirements are met: "(1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." EEOC v. U.S. Steel Corp., 921 F.2d 489, 493 (3d Cir. 1990). The MDPA decision dismissed for lack of § 2241 jurisdiction, and a jurisdictional decision is not an adjudication on the merits for purposes of res judicata, so the doctrine of res judicata would not apply to a claim dismissed on jurisdictional grounds. But the MDPA decision also necessarily decided an issue on the merits namely that Petitioner failed to show that the remedy under § 2255 was inadequate or ineffective. Generally, a dismissal for lack of subject matter jurisdiction preclude relitigation of

    issues necessarily determined in ruling on the jurisdiction question. <u>Park Lane Res. Ltd. Liab. Co. v. U.S. Dep't of Agriculture</u>, 378 F.3d 1132, 1136 (10th Cir. 2004); <u>Shaw v. Merritt-Chapman & Scott Corp.</u>, 554 F.2d 786, 289 (6th Cir. 1977). Thus, Petitioner is barred from relitigating in this Court the issue decided adversely to him in the MDPA case, namely, that the remedy under § 2255 is not inadequate and ineffective under his circumstances. It follows, therefore, that he cannot bring this case under § 2241.

7.    Section 1914 provides that "[t]he [C]lerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350 except that on application for a writ of habeas corpus the filing fee shall be $5." 42 U.S.C. § 1914(a). A related statute, Section 1915, governs applications filed <u>in forma pauperis</u> ("IFP") and provides, in relevant part, that leave to proceed IFP may be granted in any suit to a litigant "who submits an affidavit [which demonstrates] that the [litigant] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Here, Petitioner failed to submit his $5 filing fee or his IFP application. The prisoner's legal obligation to prepay the filing fee or to duly obtain IFP status is automatically incurred by the very act of initiation of his/her legal action. <u>See</u> <u>Hairston v. Gronolsky</u>, 2009 U.S. App. LEXIS

6

22770, at *5 (3d Cir. Oct. 15, 2009) (citing Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999)).  Therefore, Petitioner shall pay his $5 filing fee or submit his IFP.

IT IS, therefore, on this **29th** day of **June**, 2011,

**ORDERED** that the Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, Docket Entry No. 1, is DISMISSED for lack of jurisdiction or, alternatively, on the grounds of the doctrine of issue preclusion; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Petitioner by regular U.S. mail, together with a blank in forma pauperis application for incarcerated individuals seeking to initiate habeas action;[3] and it is further

**ORDERED** that, within thirty (30) days of entry of this Memorandum Opinion and Order, Petitioner shall submit either his filing fee of $5 or his complete in forma pauperis application; and it is finally

**ORDERED** that the Clerk shall close the file on this matter.

     **s/ Jerome B. Simandle**
     JEROME B. SIMANDLE,
     United States District Judge

---

[3] Petitioner's projected release date is November 7, 2011. See <<http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=49550-066&x=40&y=16>>.